UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00879-SEB-MG |
| | ) | |
| TRISTAR, INC. a/k/a TRI STAR ENGINEERING, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR LEAVE TO FILE COUNTERCLAIMS

Pending before the Court is Defendant Tristar, Inc. a/k/a Tri Star Engineering, Inc.'s Motion for Leave to File Counterclaims, [Filing No. 29.] Plaintiff Robert Jordan has opposed Defendant's request for leave, [Filing No. 30.] For the following reasons, Defendant's Motion for Leave to File Counterclaims, [Filing No. 29], is **DENIED**.

### A. Legal Standard

Courts apply a two-step analysis in evaluating a motion for leave to amend a pleading where, as here, their motion is filed after the deadline to amend pleadings has passed. *See* [Filing No. 18 at 3] (noting that the deadline to file a motion for leave to amend the pleadings was October 6, 2025). First, the Court must determine whether the moving party has shown "good cause" under Federal Rule of Civil Procedure 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). If good cause is demonstrated, the Court then applies the Rule 15(a)(2) standard for amendments. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (stating that "[t]he two-step process is consistent with nearly every one of our sister circuits (and out of step with none)"). Under Federal Rule of Civil Procedure 15(a)(2), when a party seeks leave

1

to amend a pleading, the Court should grant such leave as "justice so requires." Thus, if the underlying facts or circumstances relied upon by a party are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a)(2) "reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008). That said, leave to amend would be "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). Ultimately, it is within the Court's discretion to grant or deny a motion for leave to amend. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

    **B.**    **Discussion**

This is an employment discrimination and retaliation case. [Filing No. 1 at 6–7] (asserting claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA").] On January 13, 2026, Tristar moved for leave to amend its pleading to add compulsory counterclaims for civil conversion, computer trespass, and breach of contract against Jordan based on information it learned during discovery. [Filing No. 29 at 1, 3.] On August 1, 2025, the Court issued its Case Management Plan ("CMP"). [Filing No. 18.] The CMP provided that motions for leave to amend the pleadings were to be filed by October 6, 2025. [Filing No. 18 at 3.] Although the present Motion comes more than three (3) months after this deadline, Tristar insists it has moved with diligence under Rule 16(4)(b). According to Tristar, it "just recently learned of its Counterclaims and damages resulting therefrom by way of Jordan's discovery responses and document production."

[Filing No. 29 at 4.] Because this deadline had passed by the time Jordan completed his discovery obligations, Tristar asserts that diligence is met under Rule 16(b)(4) and Jordan will not be unduly prejudiced by Tristar's amendments. Jordan takes a different approach: He argues that Tristar has unreasonably delayed asserting its proposed counterclaims, that permitting Tristar to add counterclaims will prejudice Jordan, and that Tristar's counterclaims are not compulsory.

The Court begins with Jordan's argument that Tristar's proposed counterclaims are not compulsory. Pursuant to Federal Rule of Civil Procedure 13(a), a compulsory counter is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Courts in this circuit apply the "'logical relationship' test, construing the phrase 'transaction or occurrence' liberally to include a series of many logically related, if not temporally close, occurrences[.]" *K & K Iron Works, Inc. v. Am. Railing Sys., Inc.*, No. 07-c-1832, 2008 WL 597607, at *3 (N.D. Ill. Feb. 28, 2008) (quoting *Warhawks & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977)). In employing the logical relationship test, the Court must consider whether the "totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds" is sufficient to label the counterclaims compulsory. *Burlington Northern R.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990).

Tristar argues that because this is an employment law case, and Jordan's claims and its proposed counterclaims "flow from that employment relationship[,]" they are sufficiently related. [Filing No. 31 at 7.] The Court disagrees. While Jordan's claims and Tristar's proposed counterclaims both have a relationship to Jordan's employment with Tristar, they are not sufficiently *related to each other*. *Harbour v. Parker Hannifin Corp.*, No. 2:23-cv-274, 2024 WL 4132283, at *3 (N.D. Ind. Sept. 10, 2024) ("district courts have found that where an employee has sued his or her former employer for employment discrimination, claims brought by the employer

3

against the former employee *unrelated to the employment discrimination itself* are not compulsory counterclaims.") (emphases added). In his Complaint, [Filing No. 1], Jordan alleges Tristar denied his reasonable accommodation requests, discriminated against him based on his disability, and retaliated against him for engaging in conduct protected by the ADA. [Filing No. 1 at 6.] Tristar contests these allegations and insists that all employment decisions regarding Jordan "were based upon legitimate, good faith, non-discriminatory business reasons that were in no way related to any discriminatory or retaliatory motive, intent, or action[.]" [Filing No. 13 at 10–11.]

Beyond sharing a relationship to Jordan's employment with Tristar, the lawfulness of Jordan's actions that give rise to the proposed counterclaims has nothing to with whether Tristar's decision to terminate Jordan's employment was lawful. *Harbour*, 2024 WL 4132283, at *3. The ADA and Indiana state law claims for conversion, trespass, and breach of contract are "very different in nature, require development of different factual backgrounds, and would require proof of distinct elements." *Marcial v. Rush Univ. Med. Ctr.*, No. 16-cv-6109, 2018 WL 11476507, at *2 (N.D. Ill. May 9, 2018). This is in contrast with cases where a proposed counterclaim is logically related to the underlying employment discrimination claims because, for example, the defendant's asserted affirmative defenses can be proved with the evidence that will be used to support their proposed counterclaim. Such was the case in *Woolner v. Flair Commc'ns Agency, Inc.*, No. 01 C 6043, 2004 WL 161505, at *3 (N.D. Ill. Jan. 22, 2004), which Tristar cites its Reply. [Filing No. 31 at 7.] There, the plaintiffs alleged that the defendants terminated their employment based on age and gender. *Id.* at *3. The defendants moved for leave to add a counterclaim for breach of fiduciary duty. *Id.* at *3. The court agreed with the defendants that their counterclaim was logically related to the plaintiffs' discrimination claims "because their defense [was] that [the plaintiffs] were not fired based on any discriminatory animus but because of poor work performance." *Id.* at *3.

4

The plaintiffs' poor work performance, the defendant's contended, could be proved and explained by the fact they were not doing the work they were paid to do during work hours. *Id*. at *3. Here, unlike in *Woolner*, Tristar has not fleshed out any connection between its asserted affirmative defenses and its proposed counterclaims.

Also notable is the timeline of events. In *Harbour*, the Northern District of Indiana denied the defendant's motion for leave to add a counterclaim. 2024 WL 4132283, at *3. In its analysis, the court noted that the counterclaims concerned events that transpired *after* the defendant terminated the plaintiff's employment. *Id*. Here, in connection with its civil conversion counterclaim, Tristar alleges that Jordan "exerted unauthorized control over Tristar's Confidential Information, communications, and work product by stealing" the foregoing "*when his employment with Tristar ended*." [Filing No. 29-1 at 3] (emphases added). Further, Tristar admits it became aware of Jordan's alleged illegal conduct during the discovery process, which was over a year *after* Jordan was terminated. [Filing No. 29 at 1] ("Tristar *recently* uncovered new facts and information learned during discovery that establish the basis for the Counterclaims.") (emphasis added). Because Tristar did not become aware of Jordan's allegedly illegal conduct until November 2025, it is not plausible that his conduct had any relationship to his termination in May 2024. Thus, Tristar's non-discriminatory reasons for terminating Jordan's employment could not be proved or explained with evidence that Jordan stole Tristar's confidential information and communications, retrieved emails and work product without Tristar's consent, or breached Tristar's confidentiality agreement. [Filing No. 29-1 at 4–6.]

While the Court does not make any findings as to Tristar's diligence or lack thereof in raising its counterclaims, the fact remains that the deadline to amend the pleadings lapsed in October 2025, the discovery deadline has now closed, *see* [Filing No. 18 at 5] (listing discovery

deadline as March 6, 2026), and the time in which to file a dispositive motion is fast approaching. *See* [Filing No. 28 at 1] (extending the dispositive motion deadline to June 26, 2026).

### C. Conclusion

For the reasons stated above, Defendant Tristar's Motion for Leave to File Counterclaims, [Filing No. 29], is **DENIED**.

Date: 3/12/2026

*(signature)*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**